UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
WILFREDO LARANCUENT, *as Manager of the
Laundry, Dry Cleaning & Allied Workers Joint
Board, Unite*,

                                        Plaintiff,                           REPORT AND
                                                                             RECOMMENDATION

                – against –                                                  04 CV 287 (NG)(SMG)

BEST METROPOLITAN TOWEL AND
LINEN SUPPLY CO., INC.,

                                        Defendant.
------------------------------------------------------------X
GOLD, United States Magistrate Judge:

## *INTRODUCTION*

Wilfredo Larancuent, as Manager of the Laundry, Dry Cleaning and Allied Workers Joint

Board, Unite (the "Union"), brings this action pursuant to the Federal Arbitration Act ("FAA"), 9

U.S.C. § 9, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as

amended, 29 U.S.C. § 185, seeking confirmation of an April 14, 2003, arbitration award

("Award").  Although the action was commenced by way of complaint rather than petition or

motion, see 9 U.S.C. § 6, plaintiff's pleading makes clear that the relief sought is a judgment

confirming the arbitrator's award.

Plaintiff has moved for entry of a default judgment.  The Honorable Nina Gershon has

referred plaintiff's motion for a report and recommendation as to whether entry of a default

judgment against defendant is appropriate and, if so, the amount of damages to be awarded to the

plaintiff.  For the reasons stated below, I respectfully recommend that: (1) plaintiff's motion for a

default judgment against defendant, confirming the arbitration award be granted; (2) judgment be

entered against the defendant in the amount of $28,931.00 for back-pay damages, with interest to

be determined by the Clerk of Court on that amount calculated at the statutory rate of 9% per annum, beginning on April 14, 2003, until the date judgment is entered; (3) plaintiff be awarded costs in the amount of $190.00; and (4) plaintiff not be awarded attorney's fees.

## *BACKGROUND*

The facts pertinent to determination of this motion are set forth in the Complaint ("Compl."), an affidavit from plaintiff's counsel, Thomas M. Kennedy, Esq. ("Kennedy Aff."), and the exhibits attached thereto. Defendant has failed to file any submissions or otherwise appear in this action.

The Union represents employees working in the textile industry. Compl. Ex. A. It is a labor organization as defined by section 2(5) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 152(5),[1] and maintains its principal place of business in New York, New York. Compl. ¶ 3. Defendant Best Metropolitan Towel and Linen Supply Co., Inc. ("Best"), is an employer as defined by sections 2(2) and 301(a) of the LMRA, 29 U.S.C. §§ 152(2) and 185(a), and maintains its principal place of business in Brooklyn, New York. Compl. ¶ 4.

Best and the Union were at all relevant times parties to a collective bargaining agreement dated November 28, 2000 ("CBA"). Compl. ¶ 6 and Ex. A.[2] Article 33 of the CBA sets forth the procedure for discharging and disciplining employees. It states in relevant part:

---

[1] 29 U.S.C. § 152(5) provides:

. . .

The term "labor organization" means any organization of any kind, or any agency or employee representation committee or plan, in which employees participate and which exist for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work.

[2] November 28, 2000, is the date on the front page of the collective bargaining agreement. (*See* Compl. Ex. A.)

> A.  No employee will be disciplined or discharged except for just cause.  The Employer will promptly advise the Union, with a copy to the employee, of any discipline or discharge within ten (10) working days after it has knowledge of the action that necessitated the discipline.  In the event the Union claims the discipline or discharge is unjust, the grievance may be referred directly to Step 3 of the grievance procedure within ten (10) working days of the occurrence of the dispute.  If an employee is found to have been discharged or disciplined without just cause such employee shall be reinstated with pay for lost time, if any, and with full seniority.

Compl. Ex. A at 46.

The CBA also requires Best and the Union to submit all complaints, grievances or disputes involving interpretation of the CBA to binding arbitration.  Article 35 of the CBA provides in relevant part:

> B.  Any and all complaints, grievances or disputes arising between the parties hereto under, out of, or in connection with or in relation to this Agreement or in the interpretation, performance, termination or any alleged breach thereof, shall be forthwith referred for arbitration and final determination to the Arbitrator.  The Arbitrator is empowered to include in the award mandatory and injunctive relief and to assess damages including interest. . . .
> . . .
> D.  All determinations, decisions and awards shall be final, conclusive and binding upon all the parties hereto . . .

Compl. Ex. A at 46.

Best apparently operates a laundry and linen supply business.  On December 17, 2001, Best terminated an employee named Maurice Pelzer because it suspected that he improperly took clean tablecloths.  Compl. ¶¶ 9-10.  The Union submitted a grievance to an arbitrator alleging that Best's termination of Pelzer was without just cause and thus in violation of Article 33 of the CBA.  Compl. ¶ 10.

A hearing was held before the Arbitrator on March 5, 2003.  Compl. Ex. B.  Thereafter, on April 14, 2003, the Arbitrator issued a written opinion and award sustaining the Union's grievance.  Compl. ¶ 13.  The Arbitrator found that Best failed to investigate the facts and circumstances surrounding the disappearance of the tablecloths before deciding to terminate Pelzer.  Compl. Ex. B. at 2.  The Arbitrator concluded that Best had thus violated its contractual "just cause" responsibility – an apparent reference to Article 33(A) of the CBA, which provides that "[n]o employee will be disciplined or discharged except for just cause" –  when it terminated Pelzer's employment.  Compl. ¶ 14.  Accordingly, the Arbitrator issued an award stating that "[t]he Grievant is restored to his job with back pay, less the usual appropriate setoffs, for the entire period of his termination and with restoral of all benefits, rights and privileges he lost during that time."  Compl. ¶ 15, Ex. B. at 3.  Best has failed to comply with the terms of the Award.  Compl. ¶ 16.

On March 24, 2004, plaintiff served Best by delivering two copies of the Summons and Complaint to an authorized agent at the Office of the Secretary of State of the State of New York. After Best failed to interpose an answer or otherwise appear in this action,  the Clerk of Court noted Best's default pursuant to Fed. R. Civ. P. 55(a).  Docket Entry 6.

Plaintiff now seeks entry of a default judgment against Best confirming the Award, providing for $28,931.00 in back-pay Pelzer claims he is owed, and prejudgment interest. Plaintiff also seeks $190.00 in costs.[3]

---

[3] The affidavit of plaintiff's counsel, Thomas E. Kennedy, Esq., ("Kennedy") dated July 6, 2004, requested $31,447.00 in back-pay damages.  After reviewing this affidavit, by letter dated March 2, 2005, Magistrate Judge Chrein directed plaintiff to explain how this figure was derived.  In response to this letter, Kennedy submitted a letter dated March 14, 2005, with appendices attached thereto, revising plaintiff's request for back-pay to $28,931.00.

### *DISCUSSION*

A.     Liability

Once a default judgment is entered, a defendant is deemed to have admitted all of the

well-pleaded allegations in the complaint pertaining to liability.  See Greyhound Exhibitgroup,

Inc., v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Montcalm Pub. Corp. v. Ryan,

807 F. Supp. 975, 977 (S.D.N.Y. 1992).

The allegations of the complaint are clearly sufficient to state a claim pursuant to the

FAA and the LMRA.  9 U.S.C. § 9 provides:

> [i]f the parties in their [arbitration] agreement have agreed that
> a judgment of the court shall be entered upon the award made
> pursuant to the arbitration . . . then at any time within one year
> after the award is made any party to the arbitration may apply
> to the court so specified for an order confirming the award, and
> thereupon the court must grant such an order unless the award
> is vacated, modified or corrected.

Section 301(a) of the LMRA provides that "suits for violations of contracts between an employer

and labor organization representing employees in an industry affecting commerce . . . may be

brought in any district of the United States having jurisdiction of the parties."  Thus, the LMRA

confers jurisdiction to confirm and enforce labor arbitration awards issued pursuant to collective

bargaining agreements.  See Local 802, Associated Musicians v. Parker Meridien Hotel, 145 F.3d

85, 88 (2d Cir. 1998).  As noted above, plaintiff is a union representing employees working in the

textile industry and defendant is an employer.  The CBA into which they have entered provides

for arbitration of disputes arising in connection with the provisions of the CBA, which include a

requirement of just cause for discharge.  The CBA further provides that all arbitration awards

shall be final, binding and conclusive. Accordingly, this court has jurisdiction to compel enforcement of the arbitration award.

The scope of judicial review of an arbitration award is extremely narrow. International Chemical Workers v. BASF Wayndotte Corp., 774 F.2d 43, 45 (2d Cir.1985) ("it is not within the province of the federal courts to review the merits of an arbitration award."); Glazer v. AA Premier Realty, Ltd., 294 F.Supp.2d 296, 300 (E.D.N.Y. 2003). A court may consider vacating an award only under the exceptional circumstances enumerated in 9 U.S.C. § 10. Courts must defer to an arbitration decision "where the arbitrators have acted within the authority granted them by the contract between the parties," and "a court will compel compliance with an arbitration award where the arbitration board's decision is made final and binding in accordance with the terms of a collective bargaining agreement entered into by the parties." Hunt v. Commodity Haulage Corp., 647 F.Supp. 797, 798 (E.D.N.Y. 1986)

The arbitration award sued upon in this case draws its essence from the CBA. Defendant has failed to move to vacate the award or otherwise challenge its enforcement. None of the circumstances described in 9 U.S.C. § 10 appear to pertain. I therefore recommend that the award be enforced.

B.    Damages

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. See Greyhound Exhibitgroup, 973 F.2d at 158. Rather, claims for damages generally must be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed. Id. Thus, a court must ensure that a basis exists for the damages sought by a plaintiff

before entering judgment in the amount demanded.   See <u>Fustock v. Conticommodity Servs., Inc.</u>, 873 F.2d 38, 40 (2d Cir. 1989).  A court may make this determination based upon evidence presented at a hearing or upon a review of detailed affidavits and documentary evidence.  <u>See</u> Fed. R. Civ. P. 55(b)(2); <u>Action S.A. v. Marc Rich & Co., Inc.</u>, 951 F.2d 504, 508 (2d Cir. 1991); <u>Fustok</u>, 873 F.2d at 40.

Here, plaintiff has submitted a copy of the Award, a detailed affidavit from its attorney, and a follow-up letter from its counsel with supporting exhibits.  Based on these submissions, I conclude that an evidentiary hearing is not required.

*Back Pay*

Pursuant to the Award, plaintiff seeks back-pay for the period from December 17, 2001, the date Pelzer was terminated, to April 13, 2003, when the arbitrator directed that he be reinstated.  Compl. Ex. B.  In support of its demand, plaintiff has submitted a letter from its counsel dated March 14, 2005 ("Kennedy Letter") with supporting exhibits.  These exhibits include a copy of Pelzer's final pay stub for the year ending 2001.[4]  Although plaintiff's counsel maintains that this pay stub is for the week when Pelzer was terminated, the pay stub states that it is for the period ending December 8, 2001, and Pelzer was terminated on December 17, 2001.

The Kennedy Letter and supporting exhibits assert that Pelzer worked 40 hours per week.  Kennedy's March 14, 2005, letter was sent to Best by regular first-class mail.[5]  Best failed to

---

[4] It should be noted that this pay stub is for 24 hours, not 28 hours as stated in the Kennedy Letter.

[5] The Kennedy Letter states:
> I am forwarding this information to both the defendant and defendant's counsel.  While there has been a default judgment in this matter, please notify me if the defendant or defendant's counsel has any information to indicate that our data is inaccurate. . . .
> (Kennedy Letter.)

respond to both this letter and to plaintiff's submission dated June 30, 2004. Thus, I calculate back-pay damages based on the assumption that Pelzer customarily worked 40 hours per week. The pay stub indicates that Pelzer earned $15.325 per hour at the time of his termination. Therefore, Pelzer earned $613.00 ($15.325 × 40) each week.

Plaintiff requests $28,931.00 in back-pay, excluding unemployment insurance, for the period from December 17, 2001 through April 13, 2003. Plaintiff calculated this amount by first multiplying 68 (the number of weeks of back pay) by $613.00. This product equals $41,684.00. Next, from this figure, plaintiff subtracted $12,753.00 in unemployment insurance received by Pelzer during the relevant time period as reflected in the form 1099-G attached to the Kennedy Letter. The resulting net total is $28,931.00 in back pay owed.

The Arbitrator awarded Pelzer back-pay for the entire period of his termination. Additionally, article 33 of the CBA provides that "[i]f an employee is found to have been discharged or disciplined without just cause such employee shall be reinstated with pay for lost time. . . ." Because plaintiff's submissions substantiate the amount sought in back-pay, I recommend that the final judgment include an award of $28, 931.00 in back-pay damages.

*Interest*

Plaintiff also requests prejudgment interest. Neither the LMRA or the FAA provides a statutory basis for the award of interest. The Second Circuit has stated that even when there is no statutory basis, "[a]n award of pre-judgment interest . . . rests within the equitable discretion of the district court to be exercised according to considerations of fairness." Chris-Craft Indus., Inc. v. Piper Aircraft Corp., 516 F.2d 172 (2d Cir. 1972), rev'd on other grounds, 430 U.S. 1 (1977); see also, Maney v. United Sanitation, Inc., 2000 WL 1191235, *6 (S.D.N.Y. Aug. 21, 2000).

There is a presumption in favor of awarding prejudgment interest. <u>Maney</u>, 2000 WL 1191235, at *15.

Courts in this Circuit have awarded prejudgment interest where the collective bargaining agreement provides that arbitration awards "shall be final and binding." <u>Id.</u>; <u>see</u> <u>also</u> <u>Soft Drink & Brewery Workers Union Local 812, IBT v. Ali-Dana Beverages</u>, 1996 WL 420209, at *3 (S.D.N.Y. July 25, 1996). Here, the CBA provides that arbitration awards shall be final, conclusive, and binding. Compl. Ex. A at 48. The CBA further provides that it is governed by New York law. <u>Id.</u> at 48-49. New York law provides for pre-judgment interest at the rate of 9 % per annum. N.Y. C.P.L.R. § 5004. Accordingly, I recommend that plaintiff be awarded prejudgment interest on the amount of back pay awarded at the statutory rate of 9% per annum from April 14, 2003, until the date judgment is entered.

### *Costs*

Plaintiff next seeks to recover $190.00 in costs. The Federal Rules of Civil Procedure provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Plaintiff's counsel has submitted an affidavit indicating that $190.00 in costs were incurred. This amount includes the Court's $150.00 filing fee, and a process server fee of $40.00. I recommend plaintiff be awarded $190.00 in costs, as these costs are reasonable.

### *Attorney's Fees*

Although plaintiff's complaint includes a request for attorney's fees, plaintiff's damages submissions failed to include any mention of attorney's fees or documents supporting an award of them. Accordingly, I recommend that no attorney's fees be awarded.

## *CONCLUSION*

For the reasons set forth above, I respectfully recommend that: (1) plaintiff's motion for a default judgment against defendant, confirming the arbitration award be granted; (2) judgment be entered against the defendant in the amount of $28,931.00 for back-pay damages, with interest to be determined by the Clerk of Court on that amount calculated at the rate of 9% per annum, beginning on April 14, 2003, until the date judgment is entered; (3) plaintiff be awarded costs in the amount of $190.00; and (4) plaintiff not be awarded attorney's fees.

Any objections to the recommendations contained herein must be filed with The Honorable Nina Gershon on or before September 23, 2005. Failure to object will preclude appellate review. <u>See</u> 28 U.S.C. § 636(b); Fed. R. Civ. P. 6, 72; <u>Small v. Secretary of Health and Human Services</u>, 892 F.2d 15 (2d Cir. 1989).

_____/s/_____
STEVEN M. GOLD
United States Magistrate Judge

Brooklyn, New York
September 2, 2005

C:\MyFiles\larancuent-andrea.wpd